**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| VIRGINIA JOHNSON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LIBERTY HOME GUARD LLC d/b/a LIBERTY HOME GUARD,<br><br>Defendant. | Civil Case Number:<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff Virginia Johnson ("Plaintiff"), individually and on behalf of all others similarly situated, brings this Class Action Complaint (the "Complaint") against defendant LIBERTY HOME GUARD LLC d/b/a LIBERTY HOME GUARD ("Defendant"), and alleges, upon personal knowledge as to her own conduct, and upon information and belief as to the conduct of others, as follows:

## INTRODUCTION

1. Plaintiff brings this Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Defendant, in negligently and/or willfully contacting Plaintiff and other similarly situated consumers, in violation of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq*. ("TCPA"), and related regulations, thereby invading Plaintiff's privacy, specifically for claims under the National Do Not Call provision of 47 C.F.R. § 64.1200(c).

2. Although Plaintiff's cellular telephone number is registered on the National Do Not Call Registry, Defendant transmitted several unsolicited telemarketing text messages and made

multiple unauthorized telephone calls to Plaintiff's cellular telephone for the purpose of soliciting business from Plaintiff.

3. By making such telephone solicitations, Defendant has invaded the personal privacy of Plaintiff and members of the Class (defined below).

4. The TCPA was enacted to protect consumers from unsolicited and unwanted telemarketing exactly like the telemarketing alleged in this case.

5. In response to Defendant's unlawful conduct, Plaintiff seeks an injunction requiring Defendant to cease all unsolicited phone calls as well as an award of statutory damages for herself and all members of the Class (defined below) per violation, together with court costs, reasonable attorneys' fees, and treble damages (for knowing and/or willful violations).

## PARTIES

6. Plaintiff Virginia Johnson is an individual and citizen of Arkansas and, at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

7. Upon information and belief, Defendant is, and at all times mentioned herein was, a limited liability company headquartered in Brooklyn, New York. Plaintiff alleges that at all times relevant herein Defendant conducted business in the State of New York and within this judicial district. At all times mentioned herein, Defendant was a "person" as defined by 47 U.S.C. § 153(39).

8. Whenever in this Complaint it is alleged that Defendant committed any act or omission, it is meant that the Defendant's officers, directors, vice-principals, agents, vendors, servants, or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendant or was done in the routine normal course and scope of employment of the Defendant's officers, directors, vice-principals, agents, servants, or employees.

**JURISDICTION AND VENUE**

9. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, a federal statute.

10. The Court has personal jurisdiction over Defendant because: (i) it's headquartered in this District; (ii) conducts significant business in this District; and (iii) the unlawful conduct alleged in this Complaint occurred in, was directed to, and/or emanated from this District.

11. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) because the Defendant resides in this District.

**FACTUAL ALLEGATIONS**

12. Defendant is a home warranty company.

13. In Defendant's overzealous attempt to market its services, Defendant knowingly and willfully made (and continues to make) unsolicited telemarketing phone calls and transmitted (and continues to transmit) unsolicited telemarketing text messages.

14. Through this method, Defendant has invaded the personal privacy of Plaintiff and members of the Class (as defined below).

15. Defendant's unsolicited telemarketing also disturbed the solitude of Plaintiff and members of the Class (as defined below).

16. Additionally, upon information and belief, Defendant has intentionally and repeatedly violated the TCPA based upon other lawsuits filed against Defendant for such conduct.

**FACTUAL ALLEGATIONS AS TO THE PLAINTIFF**

17. Plaintiff's cellular telephone number ending in -0720 ("Cell Phone") was registered with the National Do Not Call Registry on January 7, 2006.

18. Pursuant to 47 U.S.C. § 227(c)(3)(F), Defendant is required to check the National Do Not Call Registry before attempting to call.

19. Despite its obligations under the TCPA, Defendant began unlawfully soliciting Plaintiff on her Cell Phone in August 2022.

20. Defendant's telephone calls constituted telephone solicitations pursuant to 47 C.F.R. § 64.1200(c), as they were an attempt to promote or sell Defendant's services.

21. Specifically, on August 12, 2022, Plaintiff received four unsolicited telemarketing calls to her Cell Phone from the phone number, 310-933-6982.

22. On that same date, Plaintiff received a text message from Defendant using the number 646-759-0034 that requested Plaintiff call 866-288-3920.

23. Three days later, on August 15, 2022, Plaintiff received two additional unsolicited telemarketing calls to her Cell Phone from 310-933-6982.

24. Later that day, Plaintiff received a text message from Defendant using the number 646-759-0034 that requested Plaintiff call 866-288-3920.

25. In several text messages, Defendant expressly identified Liberty Home Guard.

26. By way of example only, Defendant transmitted the following unsolicited telemarketing text message:




27. On August 21, 2022, Plaintiff received an unsolicited telemarketing call from "Max with Liberty Home Guard."

28. Thereafter, Plaintiff received two additional unsolicited telemarketing calls from a "Justin Stewart calling from Liberty Home Guard."

29. Plaintiff did not provide Defendant with her cellular telephone number at any point in time, nor did Plaintiff give permission for Defendant to: (i) make telephone solicitations to her; (ii) send her telemarketing messages; or (iii) leave her telemarketing messages.

30. Plaintiff did not have an established business relationship with Defendant prior to or during the time of the telephone solicitations from Defendant.

31. Plaintiff did not have a personal relationship with Defendant at any point in time.

32. Plaintiff did not give Defendant prior express invitation or consent in writing for Defendant to call Plaintiff's personal cellular telephone for marketing or solicitation purposes.

33. Upon information and belief, Defendant did not make the telephone solicitations to Plaintiff and other similarly situated persons in error, nor were such telephone communications made for emergency purposes.

34. Upon information and belief, at all relevant times, Defendant failed to establish and implement reasonable practices and procedures to effectively prevent telephone solicitations to Plaintiff and other similarly situated persons in violation of the regulations prescribed under 47 U.S.C. § 227(c)(5), including 47 C.F.R. § 64.1200(c).

35. Upon information and belief, Defendant and/or a third party acting on Defendant's behalf made the above-described and substantially similar unlawful telephone solicitations nationwide to thousands of telephone numbers that were registered on the National Do Not Call Registry.

36. Plaintiff properly alleges injuries in fact, which are fairly traceable to Defendant's unlawful acts, and are likely to be redressed by a favorable judicial decision.

37. Among other harms caused by the unlawful calls at issue, receiving the unwanted phone calls resembles the kind of harm associated with intrusion upon seclusion.

38. Plaintiff's Prayer for Relief herein includes a request for damages for Defendant's unlawful telephone solicitations, as authorized by statute. *See* 47 U.S.C. § 227(c)(5). These statutory damages were set by Congress and specifically redress the damages suffered by Plaintiff and members of the Class defined below.

**CLASS ACTION ALLEGATIONS**

39. Plaintiff brings this action pursuant to Rule 23(a), Rule 23(b)(2), and Rule 23(b)(3) of the Federal Rules of Civil Procedure individually and on behalf of the Class, which include:

> All persons within the United States, to whom Defendant and/or a third party acting on Defendant's behalf, made two more telephone solicitations that promoted Defendant's products or services, to a cellular telephone number within any twelve-month period, while the recipient's telephone number was registered on the National Do Not Call Registry for at least 31 days, within the four (4) years prior to the filing of the Complaint.

40. Plaintiff reserves the right to modify the Class definition as warranted as facts are learned in further investigation and discovery.

41. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

42. Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, illegally contacted Plaintiff and the Class members via their telephones, whether cellular telephones or otherwise, for solicitation purposes, thereby invading the privacy of said Plaintiff and the Class members whose cellular telephone numbers were on the National Do Not Call Registry. Plaintiff and the Class members were damaged thereby.

43. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

44. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the Court. The Class can be identified through Defendant's records or Defendant's agents' records and the National Do Not Call Registry.

45. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact common to the Class predominate over questions which may affect individual Class members, including the following:

a. Whether, within the four years prior to the filing of this Complaint, Defendant or its agents placed more than one telephone solicitation to the members of the Class whose telephone numbers were on the National Do Not Call Registry and who had neither an established business relationship nor a personal relationship with Defendant;

b. Whether Defendant's telephone solicitations were made to cellular telephone numbers;

c. Whether Defendant obtained prior express written consent to make telephone solicitations to Plaintiff or the Class members' telephones;

d. Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

e. Whether Defendant and its agents should be enjoined from engaging in such conduct in the future.

46. As a person who received numerous telephone solicitations from Defendant within a 12-month period, who did not have an established business relationship or personal relationship with Defendant, and who did not provide Defendant prior express invitation or permission to receive telephone solicitations, Plaintiff is asserting claims that are typical of the Class. Plaintiff

will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

47. Plaintiff and the members of the Class have all suffered irreparable harm and invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA, as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to be damaged and face irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

48. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

49. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal and California law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

50. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

**COUNT I**
**NEGLIGENT VIOLATIONS**
**OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. §§ 227, *ET SEQ.***

51. Plaintiff re-alleges and incorporates by reference each preceding paragraph as though fully set forth herein.

52. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. §§ 227, *et seq*., including implementing regulation 47 C.F.R. § 64.1200(c).

53. As a result of Defendant's negligent violations of 47 U.S.C. §§ 227, *et seq*., Plaintiff and each member of the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

54. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

**COUNT II**
**KNOWING AND/OR WILLFUL VIOLATIONS OF**
**THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. §§ 227, *ET SEQ*.**

55. Plaintiff re-alleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

56. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. §§ 227, *et seq*., including implementing regulation 47 C.F.R. § 65.1200(c).

57. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. §§ 227, *et seq*., Plaintiff and each member of the Class are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

58. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on Plaintiff's own behalf and on behalf of the Class members, respectfully prays for the following relief and judgment against Defendant:

a. An Order certifying this action to be as a Class Action pursuant to Federal Rule of Civil Procedure 23, establishing the defined Class and any subclasses the Court deems appropriate, appointing Plaintiff is a proper representative of the Class, and appointing the law firms representing Plaintiff as Class Counsel;

b. An Order declaring Defendant's conduct, as alleged above, was in violation of the TCPA;

c. On the First Count and as a result of Defendant's negligent violations of 47 U.S.C. § 227(c), Plaintiff seeks for himself and each Class member: (i) $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5); (ii) injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(c)(5)(A); (iii) costs of suit; (iv) pre and post-judgment interest; (v) reasonable attorneys' fees pursuant to, *inter alia*, the common fund doctrine; (vi) any other relief the Court may deem just and proper; and

d. On the Second Count and as a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(c), Plaintiff seeks for himself and each Class member: (i) $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5); (ii) injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(c)(5)(A); (iii) costs of suit; (iv) pre and post-judgment interest; (v) reasonable attorneys' fees pursuant to, *inter alia*, the common fund doctrine; and (vi) any other relief the Court may deem just and proper.

e. Post-judgment interest as allowed by applicable law; and

f. Any other further relief that the court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff, on behalf of himself and all others similarly situated, demands a trial by jury on all issues so triable and all questions of fact raised by the Complaint.

Dated: New York, New York
November 8, 2023

**KAZEROUNI LAW GROUP, A.P.C.**

By: ______________________

Ross H. Schmierer, Esq.
48Wall Street, Suite 1100
New York, NY 10005
Phone: (800) 400-6808
Fax: (800) 520-5523
ross@kazlg.com

*Attorneys for Plaintiff*